UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANDRE COOLEY,

        Plaintiff,                                Hon. Janet T. Neff

v.                                                Case No. 1:17-CV-700

FEDEX FREIGHT INC., et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Injunctive Relief. (ECF No. 11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.


## BACKGROUND

Plaintiff initiated this action in the United States District Court for the Eastern District of Michigan against FedEx Freight Inc. and three individual FedEx employees. Plaintiff alleges claims of employment discrimination, retaliation, and wrongful termination in violation of federal law. On August 3, 2017, this matter was transferred to this Court. Presently pending is Plaintiff's previously filed motion for injunctive relief. Plaintiff requests that the Court enter an Order reinstating him to his previous position with FedEx, order that FedEx pay his relocation expenses, and order FedEx to pay "work loss" damages.

## ANALYSIS

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See, e.g., Sisay v. Smith*, 310 Fed. Appx. 832, 847 (6th Cir., Feb. 12, 2009). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion").

In support of his request for injunctive relief, Plaintiff has largely just reiterated the unsubstantiated allegations in his amended complaint. While Plaintiff has supported his motion with copies of numerous emails, almost all of which were authored by Plaintiff, none of this information comes close to establishing that Plaintiff is likely to prevail on the merits of any of his claims. This conclusion is underscored by the significant amount of evidence Defendants have submitted in opposition to the present motion. (ECF No. 17). Plaintiff has also failed to demonstrate that he is

likely to suffer irreparable harm in the absence of injunctive relief. Finally, the Court finds that the public interest would not be served by unnecessary and unwarranted judicial interference in the day-to-day operations of a private business in the absence of evidence warranting such.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Injunctive Relief, (ECF No. 11), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 17, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge