UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANDRE COOLEY,

               Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:17-cv-700

FEDEX FREIGHT INC., et al.,

               Defendants.

_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Join Parties and Amend Pleadings and Brief. (ECF No. 40). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion to amend be granted, and his proposed amended complaint be accepted for filing, but that many of the claims therein be dismissed for the reasons discussed herein.

## BACKGROUND

Plaintiff initiated this action against FedEx Freight Inc., and FedEx employees Matt Schans, Kevin Thacker, and Stuart Baxter alleging violations of his rights under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). The case was subsequently transferred to this Court. Defendants Schans, Thacker, and Baxter subsequently moved to dismiss Plaintiff's claims on the ground that such fail to state a claim on which relief may be granted. On January 2, 2018, the undersigned recommended that Defendants' motion be granted on the ground that neither Title VII nor the ADA impose liability on individuals. (ECF No. 50).

Plaintiff now seeks to amend his complaint.   Plaintiff's proposed amended complaint modifies the present action in two significant respects.   First, Plaintiff seeks to add four new defendants to this action, the CEO of FedEx Freight and three additional individuals employed with FedEx Freight in a supervisory capacity.   Second, Plaintiff seeks to assert nine additional claims arising under state law.   Plaintiff continues to assert in his proposed amended complaint the Title VII and ADA claims asserted in his original complaint.   Defendant FedEx Freight opposes Plaintiff's motion to amend his complaint.

## ANALYSIS

### I.        Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint shall be "freely" given "when justice so requires."   The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment.   *See Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2001).   None of these factors weigh against Plaintiff's motion to amend.   Accordingly, the undersigned recommends that Plaintiff's motion to amend his complaint be granted and Plaintiff's proposed amended complaint be accepted for filing.

### II.       Plaintiff's Federal Law Claims

Plaintiff has been permitted to proceed as a pauper in this matter.   Pursuant to federal law, "[n]otwithstanding any filing fee, or portion thereof, that may have been paid" by a litigant pauper, "the court *shall* dismiss the case *at any time* if the court determines that. . .the action. . .fails to state a claim on which relief may be granted."   28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff's amended complaint asserts Title VII and ADA claims against the following individuals: (1) Michael Ducker; (2) Jeff Greer; (3) Nancy Harthun-Goard; and (4) Jeff First.   As the Court has previously noted, neither Title VII nor the ADA provide for liability against individuals. *See, e.g., Wathen v. General Electric Co.*, 115 F.3d 400, 405-06 (6th Cir. 1997) ("Congress did not intend to provide for individual employee/supervisor liability under Title VII"); *Hopkins v. Canton City Board of Education*, 477 Fed. Appx. 349, 360 (6th Cir., Apr. 24, 2012) ("Title VII does not permit individual liability"); *Lee v. Michigan Parole Board*, 104 Fed. Appx. 490, 492-93 (6th Cir., June 23, 2004) ("Lee may not maintain an action under the ADA or the RA against the individual defendants identified in his complaint because neither the ADA nor the RA impose liability on individuals"); *Hawthorne-Burdine v. Oakland University*, 158 F.Supp.3d 586, 601 (E.D. Mich. 2016) (same). Accordingly, the undersigned recommends that Plaintiff's Title VII and ADA claims against Defendants Ducker, Greer, Harthun-Goard, and First be dismissed for failure to state a claim.

## III.        Plaintiff's State Law Claims

Thus, the only federal law claims which, in the Court's estimation, should go forward are Plaintiff's Title VII and ADA claims against FedEx Freight.   However, Plaintiff, via his amended complaint, now seeks to assert eleven (11) distinct state law claims against eight (8) defendants. Plaintiff urges the Court to exercise supplemental jurisdiction over his eighty-eight (88) state law claims and adjudicate such in conjunction with his two (2) federal law claims against FedEx Freight.

Federal law provides that the Court "may decline to exercise supplemental jurisdiction" over related state law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction."   28 U.S.C. § 1367(c)(2).   The Court has "broad discretion to exercise its supplemental jurisdiction."   *See Gamel v. City of Cincinnati*, 625 F.3d 949,

951 (6th Cir. 2010).   Moreover, the exercise by a federal district court of supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."   *Burch v. Medilodge of Port Huron, LLC*, 2013 WL 1499344 at *1 (E.D Mich., Apr. 11, 2013) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).   When considering whether to retain jurisdiction over supplemental state-law claims, the Court must consider factors such as judicial economy, convenience, fairness, and comity.   *Gamel*, 625 F.3d at 951.   Considering the relevant factors and circumstances, the Court recommends that Plaintiff's state law claims be dismissed so that such can be pursued in a more appropriate forum.

The sheer volume of state law claims and the ratio of such to the remaining federal claims weighs quite heavily in favor of dismissal.   *See, e.g., Rugumbwa v. Betten Motor Sales*, 200 F.R.D. 358, 368 (W.D. Mich. 2001) ("the court declines to exercise its supplemental jurisdiction because plaintiff's six state law claims. . .substantially predominate over their single federal claim"); *Dietrich v. Simon*, 2017 WL 5201919 at *2 (6th Cir., May 17, 2017) (where the plaintiff's complaint "alleged only a single federal claim and five state law claims, the state law claims predominated, and the district court did not abuse its discretion in declining to exercise supplemental jurisdiction").

Moreover, this case has been pending for fifteen (15) months already and discovery is almost complete.   To permit Plaintiff to assert at this stage of the proceedings this volume of state law claims is prejudicial to defendants and unnecessarily delays resolution of the federal law claims which Plaintiff initially asserted more than fifteen (15) months ago.   *See Burch*, 2013 WL 1499344 at *2 (where exercise of supplemental jurisdiction would result in "prolonged litigation proceedings," the court declined to exercise supplemental jurisdiction).   The Court also notes that were it to exercise supplemental jurisdiction in this matter, the only claims remaining as to the seven (7) individual defendants would be state law claims, a circumstance that weighs against exercising supplemental

jurisdiction.  *See Moor v. Alameda County*, 411 U.S. 693, 712-13 (1973).   Finally, while there is

likely a certain degree of factual overlap between Plaintiff's federal and state law claims, such

increases the likelihood of "lengthened jury instructions and jury confusion that will impair judicial

economy and trial convenience," thus weighing in favor of dismissal of Plaintiff's state law claims.

*Burch*, 2013 WL 1499344 at *2.   Accordingly, the undersigned recommends that the Court decline

to exercise supplemental jurisdiction over Plaintiff's numerous state law claims and instead dismiss

these claims without prejudice so that Plaintiff may pursue them in a more appropriate state forum.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion

to Join Parties and Amend Pleadings and Brief</u>, (ECF No. 40), be granted.   The undersigned further

recommends that (1) Plaintiff's Title VII and ADA claims against Defendants Ducker, Greer, Harthun-

Goard, and First be dismissed for failure to state a claim, and (2) Plaintiff's state law claims be

dismissed without prejudice.   Finally, the undersigned recommends that appeal of this matter would

not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28

U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of

Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                             Respectfully submitted,


Dated:   January 31, 2018                     /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             United States Magistrate Judge