UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE D. COOLEY,

       Plaintiff,

                                           Case No. 1:17-cv-700

v.

                                           HON. JANET T. NEFF

FEDEX FREIGHT, INC., et al.,

       Defendants.

_____/

## OPINION AND ORDER

Plaintiff initiated this *pro se* action alleging claims under Title VII of the Civil Rights Act of 1964 and the American with Disabilities Act, against Defendant FedEx Freight, Inc., and individual Defendants, FedEx employees, Matt Schans, Kevin Thacker, and Stuart Baxter.

The individual Defendants filed a motion to dismiss for failure to state a claim (ECF No. 18). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (ECF No. 50), recommending that Defendants' motion be granted. Plaintiff filed an Objection (ECF No. 51) to the Report and Recommendation, and Defendants filed a Response (ECF No. 53).

The Magistrate Judge also issued a Report and Recommendation (ECF No. 54) on Plaintiff's Motion to Join Parties and Amend Pleadings and Brief (ECF No. 40), recommending the Motion be granted, but also recommending on screening[1] that (1) the claims against the four newly joined individual Defendants be dismissed; and (2) Plaintiff's state law claims be dismissed

_____

[1] 28 U.S.C. § 1915(e)(2)(B)(ii).

without prejudice. Plaintiff filed an Objection (ECF No. 55), and Defendants filed a Response (ECF No. 56).

The case is now before the Court to resolve Plaintiff's Objections to the two Reports and Recommendations. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the Objections and issues this Opinion and Order.

## I. Report and Recommendation (ECF No. 50)

Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff cannot maintain claims under Title VII or the ADA against individual Defendants Schans, Thacker, and Baxter because neither statute provides for liability against individuals (R&R, ECF No. 50 at PageID.817-818, citing *e.g., Wathen v. Gen. Electric Co.*, 115 F.3d 400, 405-06 (6th Cir. 1997); *Hopkins v. Canton City Bd. of Educ.*, 477 F. App'x 349, 360 (6th Cir. Apr. 24, 2012); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492-93 (6th Cir. June 23, 2004); *Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 601 (E.D. Mich. 2016)). Plaintiff cites case law to the contrary. However, as Defendants point out in response, the authority on which Plaintiff relies predates the Sixth Circuit's decision in *Wathen, supra*, and is no longer good law. *Walthen* is controlling precedent. The Magistrate Judge properly concluded that Plaintiff's Tile VII and ADA claims against the individual Defendants fail. This Objection is denied.

## II. Report and Recommendation (ECF No. 54)

The Magistrate Judge determined that the only federal law claims that should go forward are Plaintiff's Title VII and ADA claims against FedEx Freight. The Magistrate Judge concluded

that the Court should decline to exercise supplemental jurisdiction over the 88 state law claims (11 distinct claims against 8 defendants) asserted in Plaintiff's amended complaint.

Plaintiff objects to the Magistrate Judge's recommended dismissal without prejudice of Plaintiff's state law claims. Plaintiff's Objection proposes two alternatives to dismissal. First, he proposes to withdraw all but one claim against each of the eight individual Defendants arising under state law. Second, he proposes that this Court dismiss all but one of Plaintiff's state law claims, his Elliott-Larsen Civil Rights Act claim for race discrimination, against each individual Defendant.

While the Magistrate Judge noted that the sheer volume of state law claims and the ratio of such to the remaining federal claims weighed heavily in favor of dismissal, that was not the only consideration that warranted declining to exercise supplemental jurisdiction over the newly added claims in Plaintiff's amended complaint. The Magistrate Judge further noted that this case has been pending for fifteen months already and discovery is almost complete. To permit Plaintiff to add either numerous state law claims or state law claims against a number of defendants is prejudicial to Defendants and unnecessarily delays resolution of the federal law claims that Plaintiff initially asserted more than fifteen months ago. Further, the state law claims would be the only claims against the seven individual Defendants. Finally, the Magistrate Judge correctly observed that the addition of these state law claims would increase the likelihood of lengthened jury instructions and jury confusion, which would impair judicial economy and trial convenience. Plaintiff's argument that a state law Elliott-Larsen race discrimination claim would cause no undue prejudice or delay is unavailing.

Plaintiff has failed to show any error in the Magistrate Judge's analysis or conclusion that the Court should decline supplemental jurisdiction over his state law claims. The Magistrate Judge

considered the case circumstances, and the appropriate considerations for deciding whether to exercise supplemental jurisdiction over the state law claims (R&R, ECF No. 54 at PageID.834-836). This Court finds no sound basis for adopting Plaintiff's alternative proposals at this late juncture in this case.

For the above reasons and because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Plaintiff's Objection (ECF No. 51) is DENIED, and Report and Recommendation of the Magistrate Judge (ECF No. 50) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 18) by Defendants Matt Schans, Kevin Thacker, and Stuart Baxter is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (ECF No. 55) is DENIED, and Report and Recommendation of the Magistrate Judge (ECF No. 54) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Join Parties and Amend Pleadings and Brief (ECF No. 40) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII and ADA claims against individual Defendants Ducker; Greer; Harthun-Goard; and First are DISMISSED for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  February 26, 2018                                          /s/ Janet T. Neff
                                                                   JANET T. NEFF
                                                                   United States District Judge