UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE COOLEY,

    Plaintiff,                                                  Hon. Janet T. Neff

v.                                                            Case No. 1:17-cv-700

FEDEX FREIGHT INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 64). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

Plaintiff initiated this action on October 18, 2016, against FedEx Freight Inc., and three FedEx employees, alleging numerous violations of Michigan law as well as his rights under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). Plaintiff later amended his complaint to add four additional individuals as defendants. In his amended complaint, Plaintiff alleges that he "was unlawfully terminated from employment with FedEx Freight in retaliation after complaining to each defendant that the plaintiff was experiencing discrimination based

on his race and due to his disability."[1]  (ECF No. 58 at PageID.856).  Plaintiff's federal law claims against the individual defendants were subsequently dismissed.  Plaintiff's state law claims were likewise dismissed.  At this juncture, the only claims remaining in this matter are Plaintiff's Title VII and ADA claims against FedEx which now moves for summary judgment.

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his]

---

[1] Plaintiff has failed to articulate in his Amended Complaint the nature of his alleged disability.  In his deposition, Plaintiff alleged that he suffers from attention deficit hyperactivity disorder (ADHD).  (ECF No. 64-2 at PageID.1028-36).

2

mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**II.     Americans with Disabilities Act (ADA)**

The ADA prohibits covered employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA defines disability as: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Under the ADA, discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Because Plaintiff's discrimination claim is based entirely on circumstantial evidence, his claim is analyzed pursuant to the standard established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *See James v. Goodyear Tire & Rubber Co.*, 354 Fed. Appx. 246,

248 (6th Cir. Dec. 3, 2009) (citing *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 (6th Cir. 2008)). Pursuant to this standard, Plaintiff must first articulate a prima facie case of discrimination. *See Brown v. Chase Brass & Copper Co., Inc.*, 2001 WL 814931 at *4 (6th Cir., July 10, 2001) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)). To establish a prima facie case of discrimination under the ADA, Plaintiff must establish the following: (1) he is a disabled person as defined by the ADA; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment decision because of his disability. *See Stokes v. Hamilton County, Tenn.*, 113 Fed. Appx. 680, 683 (6th Cir., Oct. 28, 2004) (quoting *Gilday v. Mecosta County*, 124 F.3d 760, 761 (6th Cir. 1997)).

If Plaintiff establishes a prima facie case of discrimination, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for undertaking the adverse employment action against Plaintiff. *See James*, 354 Fed. Appx. at 248. If Defendant produces evidence of a legitimate, non-discriminatory reason for undertaking such action, the burden shifts back to Plaintiff to introduce evidence that Defendant's proffered reason is merely a pretext for improper discrimination. To establish pretext, Plaintiff must demonstrate that Defendant's asserted rationale: (1) has no basis in fact; (2) did not, in fact, motivate Defendant; or (3) was insufficient to motivate Defendant. *See Cotuna v. Walmart Stores, Inc.*, 2016 WL 5661572 at *4 (E.D. Mich., Sept. 30, 2016). Moreover, when considering pretext, the Court does not consider Plaintiff's "subjective beliefs," but instead must evaluate the facts as they appeared to Defendant. *Id.* at *5. Despite the shifting nature of the analysis, however, the burden on the ultimate question of whether Defendant discriminated against Plaintiff, remains always with Plaintiff. *Ibid.*

Defendant hired Plaintiff on August 10, 2015. (ECF No. 64-2 at PageID.1004).

Plaintiff was hired to work as a part-time "service center support employee." (ECF No. 64-3 at PageID.1050). As part of his employment with FedEx, Plaintiff acknowledged that he was informed of the existence and location of the FedEx Electronic Employee Handbook. (ECF No. 64-3 at PageID.1058). Plaintiff further agreed to "familiarize" himself with the Handbook's contents. (ECF No. 64-3 at PageID.1058). FedEx policy prohibited insubordination, defined as "improper refusal to perform assigned work" or "failure to follow work instructions or meet employee job expectations." (ECF No. 64-3 at PageID.1066). FedEx policy also requires employees to arrive to work "on time as scheduled." (ECF No. 64-3 at PageID.1082).

One of Plaintiff's duties, referred to as billing, required Plaintiff to accurately enter information into a computer. (ECF No. 64-2 at PageID.1010). Plaintiff conceded at his deposition that when performing billing duties, he "just put the information in, and I don't look back. I don't check it. Nothing." (ECF No. 64-2 at PageID.1012). Plaintiff later stated that "I just type the information, and I enter, and I don't worry about it being wrong, because I know that it's right, because I rely on my brain and the medication." (ECF No. 64-2 at PageID.1019). Plaintiff was subsequently counseled, however, on numerous occasions for making errors when performing his billing duties. (ECF No. 64-3 at PageID.1152-59).

Another of Plaintiff's duties, referred to as imaging, required Plaintiff to scan certain documents, such as bills of lading and delivery receipts. (ECF No. 64-3 at PageID.1093-97). Many of the documents to be scanned had to be prepared for scanning by removing staples/paper clips and writing freight bill numbers on each page of a bill of lading. (ECF No. 64-3 at PageID.1093-97). When Plaintiff began working at FedEx it was the responsibility of the employees in imaging to remove the staples/paper clips and write freight bill numbers on the documents to be scanned. (ECF

No. 64-2 at PageID.1022). Subsequently, however, FedEx supervisors began instructing the employees performing billing duties to remove the staples/paper clips and write freight bill numbers on the documents to be scanned. (ECF No. 64-2 at PageID.1022-23). Plaintiff disagreed with this change in job responsibilities and refused to comply with such, specifically telling one of his supervisors that he "was not" going to remove the staples/paper clips and write freight bill numbers on the documents to be scanned. (ECF No. 64-2 at PageID.1024, 1043).

Between October 2015 and August 2016, Plaintiff was either late or absent from work on fourteen (14) occasions. (ECF No. 64-3 at PageID.1099-1113). At his deposition, Plaintiff testified that he was often late to work because of his "dedication" to volunteer work he was performing, but that he "wasn't dedicated to" FedEx in this regard. (ECF No. 64-2 at PageID.1032). Plaintiff was also disciplined on numerous occasions for parking in the visitors parking lot instead of the employee parking lot as required by FedEx policy. (ECF No. 64-3 at PageID.1145-50, 1161-62, 1175-77). Plaintiff disregarded the applicable FedEx policy because, in his opinion, "there was ample parking for visitors." (ECF No. 1020).

In August 2016, Plaintiff received a three-day suspension after expressly "refusing a work instruction." (ECF No. 64-3 at PageID.1163-64, 1166-74). Specifically, Plaintiff was instructed to write the fright bill numbers on certain documents. (ECF No. 64-3 at PageID.1163). Plaintiff refused this instruction "because it was not his job." (ECF No. 64-3 at PageID.1163). Plaintiff further stated that he "would never be doing it in the future." (ECF No. 64-3 at PageID.1163). When Plaintiff was informed that "his behavior was insubordinate," Plaintiff simply "left the office without giving a statement or an explanation for his leaving before his shift was over." (ECF No. 64-3 at PageID.1163).

On two separate occasions in September 2016, Plaintiff again expressly refused to comply with work instructions. (ECF No. 64-3 at PageID.1181-98). Specifically, Plaintiff refused instructions to remove staples from certain billing documents. (ECF No. 64-3 at PageID.1181-98). As a result of these incidents, and because of Plaintiff's many previous incidents of discipline, Plaintiff's employment with FedEx was terminated. (ECF No. 64-3 at PageID.1181-98, 1202).

Even if the Court assumes that Plaintiff has established a prima facie case of discrimination, Defendant has clearly demonstrated that it terminated Plaintiff's employment for legitimate, non-discriminatory reasons. Moreover, Plaintiff has failed to present evidence that Defendant's stated rationale for terminating Plaintiff's employment is merely a pretext for unlawful discrimination. The Court notes, in this respect, that Plaintiff's unsubstantiated subjective beliefs do not constitute evidence. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted as to Plaintiff's ADA discrimination claim.

### III.    Title VII – Retaliation

Plaintiff alleges that FedEx terminated his employment in retaliation for Plaintiff having complained about discrimination he was experiencing on the job. To prevail on this claim, Plaintiff must establish the following: (1) he was engaged in protected conduct; (2) Defendant knew that Plaintiff was engaged in protected conduct; (3) Defendant took adverse employment action against Plaintiff; and (4) there was a causal connection between the protected conduct and the adverse employment action. *See Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). If Plaintiff makes this showing, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its action. *Johnson v. Donahoe*, 642 Fed. Appx. 599, 602-03 (6th Cir., Mar. 2, 2016). If Defendant satisfies this burden, Plaintiff must then demonstrate that Defendant's proffered rationale was merely

a pretext for unlawful retaliation.

Again, even if the Court assumes that Plaintiff has established a prima facie case of retaliation, Defendant has clearly demonstrated that it terminated Plaintiff's employment for legitimate, non-discriminatory reasons. Moreover, Plaintiff has failed to present evidence that Defendant's stated rationale for terminating Plaintiff's employment is merely a pretext for unlawful retaliation. Again, Plaintiff's unsubstantiated subjective beliefs do not constitute evidence. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted as to Plaintiff's Title VII retaliation claim.

### IV.     Title VII – Race Discrimination

Plaintiff alleges that he was subject to unlawful race-based discrimination while employed by Defendant. This claim is also subject to the familiar *McDonnell Douglas* shifting burden analysis. *See White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). To establish a prima facie case, Plaintiff must establish the following: (1) he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside the protected class or treated differently than similarly situated employees outside the protected class. If Plaintiff makes this showing, the burden shifts to Defendant to articulate a legitimate, non-discriminatory rationale for its action. *Ibid.* If Defendant makes this showing, the burden shifts back to Plaintiff to establish that that Defendant's proffered rationale was merely a pretext for unlawful discrimination. *Id.* at 391-92.

Even if the Court assumes that Plaintiff has established a prima facie case of discrimination, Defendant has clearly demonstrated that it terminated Plaintiff's employment for legitimate, non-discriminatory reasons. Moreover, while Plaintiff has opined at length as to his

unsupported subjective beliefs, he has failed to present evidence that Defendant's stated rationale for terminating Plaintiff's employment is merely a pretext for unlawful discrimination.  Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted as to Plaintiff's Title VII race discrimination claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 64), be **granted** and this action **terminated**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: October 12, 2018         /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                U.S. Magistrate Judge